# EXHIBIT A

## Amezcua-Moll & Associates, P.C.

Lincoln Professional Center
1122 E. Lincoln Ave., Suite 203, Orange, CA 92867
(714) 288-2826 • (714) 464-4536

January 28, 2016

Jeffrey F. Webb, Esq.
Ropes & Gray, LLP
800 Boylston Street
Boston, MA 02199

      RE:    Piccarreto v. Presstek

Dear Mr. Webb,

      Enclosed are the following documents:

      Notice and Acknowledgement of Receipt for Presstek, LLC
      Notice and Acknowledgement of Receipt for Presstek Holdings, Inc.
      Summons and Complaint
      Civil Case Cover Sheet
      Civil Case Cover Sheet Addendum
      Notice of Case Assignment
      Notice of Case Management Conference
      ADR Package

      Please acknowledge service upon these defendants by returning the executed Notices of Acknowledgement of Receipt.

      Please contact us if you have any questions regarding this matter.

Sincerely,

Sarah Nowels

7

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Rosemary Amezcua-Moll (223875) Sarah Nowels (273471)<br>Amezcua Moll & Associates, P.C<br>1122 E Lincoln Ave Suite 203<br>Orange, CA 92865-1908<br>TELEPHONE NO.: (714)288-2826    FAX NO. *(Optional):* (714)464-4536<br>E-MAIL ADDRESS *(Optional):* sarah@amalaw.net<br>ATTORNEY FOR *(Name):* John Piccarreto | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: John Piccarreto

DEFENDANT/RESPONDENT: Presstek

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC605658 |
|---|---|

TO *(insert name of party being served):* PRESSTEK HOLDINGS, INC., a Delaware Company

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: January 28, 2016

Sarah J. Nowels
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [X] A copy of the summons and of the complaint.
2. [X] Other *(specify):*

    Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment, Notice of Case Management Conference, ADR packet

*(To be completed by recipient):*

Date this form is signed:

_____      _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)       ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use    **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**    Code of Civil Procedure,
Judicial Council of California                                            §§ 415.30, 417.10
POS-015 [Rev. January 1, 2005]                                                www.courtinfo.ca.gov

8

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Rosemary Amezcua-Moll (223875) Sarah Nowels. (273471)
Amezcua Moll & Associates. P.C
1122 E Lincoln Ave Suite 203
Orange. CA 92865-1908
TELEPHONE NO.: (714)288-2826          FAX NO. (Optional): (714)464-4536
E-MAIL ADDRESS (Optional): sarah@amalaw.net
ATTORNEY FOR (Name): John Piccarreto

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles. 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: John Piccarreto

DEFENDANT/RESPONDENT: Presstek

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: BC605658 |
|---|---|

TO (insert name of party being served): PRESSTEK HOLDINGS. INC., a Delaware Company

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 28. 2016

_____              _____
Sarah J. Nowels                                         (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)
(TYPE OR PRINT NAME)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒  A copy of the summons and of the complaint.
2. ☒  Other (specify):

    Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment, Notice of
    Case Management Conference, ADR packet

(To be completed by recipient):

Date this form is signed:

_____              _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Rosemary Amezcua-Moll (223875) Sarah Nowels, (273471)<br>Amezcua Moll & Associates. P.C<br>1122 E Lincoln Ave Suite 203<br>Orange. CA 92865-1908<br>TELEPHONE NO.: (714)288-2826    FAX NO. *(Optional)*: (714)464-4536<br>E-MAIL ADDRESS *(Optional)*: sarah@amalaw.net<br>ATTORNEY FOR *(Name)*: John Piccarreto | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: 111 North Hill Street |
| CITY AND ZIP CODE: Los Angeles. 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| PLAINTIFF/PETITIONER: John Piccarreto |
|---|
| DEFENDANT/RESPONDENT: Presstek |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC605658 |
|---|---|

TO *(insert name of party being served)*: PRESSTEK HOLDINGS, INC., a Delaware Company

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: January 28, 2016

_____
Sarah J. Nowels
(TYPE OR PRINT NAME)              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [X]  A copy of the summons and of the complaint.
2. [X]  Other *(specify)*:

   Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment, Notice of Case Management Conference, ADR packet

*(To be completed by recipient):*

Date this form is signed:

_____        _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,           (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Rosemary Amezcua-Moll (223875) Sarah Nowels. (273471)<br>Amezcua Moll & Associates, P.C<br>1122 E Lincoln Ave Suite 203<br>Orange, CA 92865-1908<br>TELEPHONE NO.: (714)288-2826  FAX NO. *(Optional):* (714)464-4536<br>E-MAIL ADDRESS *(Optional):* sarah@amalaw.net<br>ATTORNEY FOR *(Name):* John Piccarreto | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: 111 North Hill Street |
| CITY AND ZIP CODE: Los Angeles, 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| PLAINTIFF/PETITIONER: John Piccarreto | |
|---|---|
| DEFENDANT/RESPONDENT: Presstek | |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC605658 |
|---|---|

TO *(insert name of party being served):* PRESSTEK, LLC., a New Hampshire Limited Liability Company

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: January 28, 2016

Sarah J. Nowels
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [X]  A copy of the summons and of the complaint.
2. [X]  Other *(specify):*

   Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment, Notice of Case Management Conference, ADR packet

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**11**

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Rosemary Amezcua-Moll (223875) Sarah Nowels. (273471)<br>Amezcua Moll & Associates. P.C<br>1122 E Lincoln Ave Suite 203<br>Orange, CA 92865-1908<br>TELEPHONE NO: (714)288-2826    FAX NO *(Optional)*: (714)464-4536<br>E-MAIL ADDRESS *(Optional)*: sarah@amalaw.net<br>ATTORNEY FOR *(Name)*: John Piccarreto | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles. 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: John Piccarreto

DEFENDANT/RESPONDENT: Presstek

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC605658 |
|---|---|

TO *(insert name of party being served)*: PRESSTEK, LLC., a New Hampshire Limited Liability Company

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 28. 2016

Sarah J. Nowels
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other *(specify)*:

Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment, Notice of Case Management Conference, ADR packet

*(To be completed by recipient)*:

Date this form is signed:

_____           _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]
**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

12

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Rosemary Amezcua-Moll (223875) Sarah Nowels (273471)<br>Amezcua Moll & Associates, P.C<br>1122 E Lincoln Ave Suite 203<br>Orange, CA 92865-1908<br>TELEPHONE NO.: (714)288-2826     FAX NO. *(Optional)*: (714)464-4536<br>E-MAIL ADDRESS *(Optional)*: sarah@amalaw.net<br>ATTORNEY FOR *(Name)*: John Piccarreto | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: John Piccarreto

DEFENDANT/RESPONDENT: Presstek

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC605658 |
|---|---|

TO *(insert name of party being served):* PRESSTEK, LLC., a New Hampshire Limited Liability Company

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 28, 2016

_____
Sarah J. Nowels
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X]  A copy of the summons and of the complaint.
2. [X]  Other *(specify):*

   Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment, Notice of Case Management Conference, ADR packet

*(To be completed by recipient):*

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

13

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JOHN PICCARRETO, an Individual,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Please See Attachment

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 2 9 2015

Sherri R. Carter, Executive Office/Clerk

By: _____, Deputy
Ishayla Chambers

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

CASE NUMBER:
*(Número del Caso):*
**BC 6 05 658**

Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rosemary Amecua-Moll, Sarah Nowels  (714) 288-2826 1122 E. Lincoln Ave Suite 203 Orange CA 92865

DATE:                                    SHERRI R. CARTER   Clerk, by _____ Ishayla Chambers, Deputy
*(Fecha)*                                           *(Secretario)*                                   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

DEC 2 9 2015

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

RECEIVED JAN 0 2 REC'D

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

14

1  Rosemary Amezcua-Moll SBN 223875
        Rose@amalaw.net
2  Sarah J. Nowels, SBN 273471
        Sarah@amalaw.net
3  AMEZCUA-MOLL & ASSOCIATES, P.C.
4  1122 East Lincoln Avenue, Suite 203
   Orange, CA 92865
5  Telephone: 714-288-2826
6  Facsimile: 714-464-4536
   *Attorney for Plaintiff* JOHN PICCARRETO

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9         **COUNTY OF LOS ANGELES - STANLEY MOSK COURTHOUSE**

10 JOHN PICCARRETO, an Individual,      | *Unlimited Civil Case*   BC 6 0 5 6 5 8
11                Plaintiff,            | Case No.:
                                        | Assigned for all Purposes to:
12          vs.                         | Department No.:
13 PRESSTEK, LLC., a New Hampshire      | **COMPLAINT FOR:**
   Limited Liability Company authorized to
14 do business in the state of California;   1. **WRONGFUL DISCHARGE IN
   PRESSTEK HOLDINGS, INC., a              **VIOLATION OF PUBLIC POLICY;**
15 Delaware Company authorized to do       2. **VIOLATION OF CAL. LABOR CODE
   business in the state of California; and    §970 & §972;**
16 DOES 1 to 50, Inclusive,               3. **FRAUD**
                                          4. **VIOLATION OF CAL. LABOR CODE
17                                           §201 & §203 (PAGA);**
                Defendants.               5. **VIOLATION OF CAL. LABOR CODE
18                                           §226 & §226.3 (PAGA);**
19                                        6. **VIOLATION OF CAL. LABOR CODE
                                             §227.3 (PAGA);**
20                                        7. **VIOLATION OF CAL. LABOR CODE
                                             §2802 (PAGA);**
21                                        8. **VIOLATION OF CAL. LABOR CODE
                                             §2751;**
22                                        9. **PAGA – PRIVATE ATTORNEY
                                             GENERAL ACT;**
23                                        10. **VIOLATION OF BUSINESS AND
                                             PROFESSIONS CODE § 17200 (PAGA);**
24                                        11. **INTENTIONAL INFLICTION OF
                                             EMOTIONAL DISTRESS.**
25                                        **DEMAND FOR JURY TRIAL**
26

27    Plaintiff John Piccarreto ("Plaintiff") complains as follows:

28 ///

---

                              **COMPLAINT**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 2 9 2015

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Ishayla Chambers

REC'D
DEC 16 2015
FILING WINDOW

**PARTIES**

1.     Plaintiff is an individual residing in Azusa, CA. Azusa, CA is located within Los Angeles county. Plaintiff moved to Azusa, CA and performed services for defendants from within Los Angeles County as was required by defendants for his job with defendants.

2.     Defendant, PRESSTEK, LLC., ("PRESSTEK LLC") is a New Hampshire corporation authorized to do business in the state of California.

3.     Defendant, PRESSTEK HOLDINGS, INC., ("PRESSTEK INC") is a Delaware corporation authorized to do business in the state of California. Collectively, defendants PRESSTEK LLC, and PRESSTEK INC will be referred to as "PRESSTEK".

4.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-50, inclusive, and therefore sues these defendants by such fictitious names and capacities when ascertained.

5.     Plaintiff is informed and believes and, on that basis, alleges that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by the conduct of such defendants.

6.     Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each defendant was the agent, employee and/or working in concert with his co-defendants and was acting within the course and scope of such agency, employment and/or concerted activity.

7.     To the extent that certain acts and omissions were perpetrated by certain defendants, the remaining defendant or defendants confirmed and ratified said acts and omissions.

8.     Whenever and wherever reference is made in this complaint to any act by a defendant or defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and severally.

9.     Whenever and wherever reference is made to individuals who are not named as Plaintiff or defendants in this complaint but were employees/agents of each other defendant,

///

2
**COMPLAINT**

16

1  such individuals at all relevant times acted on behalf of each defendant within the scope of their

2  employment.

3     10.    Plaintiff is informed and believes that at all times alleged, defendants were

4  associated or affiliated with one or more of the other defendants in connection with matters and

5  conduct sued upon herein.  Plaintiff allege that at all times relevant each defendant was acting

6  with one or more of the other defendants under a common scheme, course of action, enterprise

7  or conspiracy and each defendant is liable to Plaintiff for the events, happenings, and damages

8  alleged.

9     11.    Plaintiff also files this action under Labor Code §§ 2698, *et seq.*, of the Private

10 Attorneys General Act of 2004 ("PAGA") as an "aggrieved employee" under the Act and to

11 enforce violations of the labor code in lieu of the labor commissioner, seeking to personally

12 recover all penalties and other damages afforded by law on behalf of himself and other

13 aggrieved employees.

14

15                    **JURISDICTION AND VENUE**

16     12.    Jurisdiction and venue is proper because a substantial amount of the acts giving

17 rise to the causes of action herein complained took place in Azusa, California, and throughout

18 the county of Los Angeles.

19

20                    **FACTUAL ALLEGATIONS**

21 *Employment*

22     13.    Plaintiff worked as Sales Manager, Plate Products for PRESSTEK from January

23 7, 2015 to April 20, 2015.

24     14.    Plaintiff's sales region was for the west coast – which covered an expansive area

25 and included Texas. Plaintiff's annual salary was $85,000. Plaintiff was guaranteed

26 commissions and was provided a monthly car allowance. Plaintiff was required to move to

27 California for the job, and PRESSTEK promised to reimburse Plaintiff for a portion of the move

28 to California.

3

**COMPLAINT**

15. Plaintiff was primarily an outside salesperson employee for PRESSTEK.

16. Plaintiff had worked for his previous employer, in the same industry, in sales, for 16 years until defendants convinced Plaintiff to work for PRESSTEK through numerous assurances and promises.

17. Plaintiff was accustomed to and preferred long term employment opportunities, which he made clear to PRESSTEK during the interview process and was led to believe his position at PRESSTEK would be long term.

18. In response to the offer from PRESSTEK, Plaintiff's previous employer offered to vastly increase Plaintiff's salary to convince him to stay. Plaintiff highly considered taking this offer over PRESSTEK's offer.

19. Plaintiff spoke with Defendants; expected their assurances, promises, and representations to be truthful; and resigned from his position with his previous employer to work for PRESSTEK.

20. Plaintiff took the Sales Manager, Plate Products position at PRESSTEK under the assurance that it would be a long term position. It was made very clear in the interview process that Plaintiff would be accepting a long term position.

21. During the hiring process Plaintiff interviewed with PRESSTEK CEO and President, Jeff Beck; the COO, Geoffrey Lotus; the World Wide Director of Sales and Marketing, Ralph Jenkins; and the Vice President of Human Resources, Cathleen Cavanna. The representations that convinced Plaintiff to accept the defendant's job offer came from this interview, and from Plaintiff's initial offer letter.

22. Plaintiff moved from New York to California for his position with PRESSTEK on or about March 1st, 2015. Prior to that date, Plaintiff commuted from New York.

*Misrepresentations made to Plaintiff*

23. PRESSTEK made numerous representations to Plaintiff that in reality ended up being misrepresentations. These misrepresentations were made by PRESSTEK CEO and President Jeff Beck by Geoffrey Lotus, Ralph Jenkins, and Cathleen Cavanna, among others.

4

**COMPLAINT**

These misrepresentations were made in Plaintiff's interview and his employment acceptance letter, among other means. These representations and their falsity are described in detail in the table below:

| | Misrepresentations by PRESSTEK | Reality |
|---|---|---|
| A) | PRESSTEK's opportunity for total market share was represented to be large in the segments of Narrow Web Label, Sheet Fed and KBA Genius. | PRESSTEK's opportunity for total market share was fairly small in the segments of Narrow Web Label, Sheet Fed, and KBA Genius. |
| B) | At least 50% of the total market share opportunities for PRESSTEK would come from waterless printing. | The waterless printing market in the United States is fairly small. The market for waterless printing in Europe and Asia are much larger as the Cortina Waterless Printing Presses were primarily in Europe. |
| C) | PRESSTEK represented that sales would be 80% direct and 20% through distribution channels. PRESSTEK also stated that its margin would be higher when sold direct. | PRESSTEK's target customers were too small to support this model (ordering direct required customers order at least $4,000 at once, and typically that was about a 4 month supply). Thus, all opportunities Mr. Piccarreto and his counterpart were closing were through distribution. |
| D) | PRESSTEK's expected incremental revenue in 2015 was $2,000,000.00 and was expected to grow to $14,700,000.00 by the end of 2017. | This was not possible due to an antiquated manufacturing process, production problems with Zahara Waterless Plates ("Zahara"), difficulty developing the Zahara chemical-free process, an inability to consistently manufacture a sellable product and the future product Direct On Press |

| | Misrepresentations by PRESSTEK | Reality |
|---|---|---|
| | | ("DOP") was not progressing and had to be sourced. Mr. Piccarreto projected sales for Zahara in 2015 to be only about $250,000.00 if he closed 100% of his target customers. Thus, it would be virtually impossible for Mr. Piccarreto (or anyone in his position) to even meet 50% of his overall targeted plan, which foreclosed any opportunity he had to achieve commission bonuses. Significantly, PRESSTEK knew that these numbers that were represented were unreasonable and inflated. |
| E) | PRESSTEK's revenue would easily come from Zahara and DOP. | DOP was not in existence and was not far enough along in development to be available anytime soon. Mr. Piccarreto never saw one DOP plate in the time he worked for PRESSTEK, whether direct manufactured or sourced. Also, as described herein, there were many issues with Zahara. |
| F) | Claiming even a small percentage of the DOP market would result in millions in revenue and be fairly easy. | DOP was not in existence, and was not far enough along in development to be available anytime soon. Mr. Piccarreto never saw one DOP plate in the time he worked for PRESSTEK, whether direct manufactured or sourced. |
| G) | There were many potential customers in the market that could be easily obtained. PRESSTEK | PRESSTEK included in the potential customers many that were actually out of business, or were no longer potential customers because they sold |

6

**COMPLAINT**

| Misrepresentations by PRESSTEK | Reality |
|---|---|
| told Plaintiff that it would be like "shooting fish in a barrel" to close opportunities with customers. This was because customers had a love-hate relationship with waterless printing. The customers loved the printing, but hated the company that had a monopoly over sales and service. Thus, customers would welcome Mr. Piccarreto with open arms. | their equipment or no longer used waterless printing. Still others had such low volume that they were too small for PRESSTEK to sell to. |
| H)  One of the added values PRESSTEK provided to customers in the waterless printing market was that PRESSTEK's Zahara technology was fully manufactured in the United States, which shortened lead times necessary for customers to receive the product because it didn't have to ship from out of the country or go through customs. | Lead times for Zahara were effectively lengthened over that of the competitor because of quality problems with manufacturing. PRESSTEK required a $4,000 minimum order for individual customers (which averaged to about a four month supply) or $8,000 for distributors. PRESSTEK was unable to ship within the shorter timeframe because of inconsistencies within the manufacturing. The competitor needed a 60-90 day lead time and although PRESSTEK manufactured in the United States, they were not able to beat that lead time on a consistent basis. |
| I)  One of the added values PRESSTEK provided to customers in the waterless printing market | Zahara did eliminate the dye needed for the competitor's product, but it was not chemical free. A chemical pre-treatment was still |

7

**COMPLAINT**

21

| Misrepresentations by PRESSTEK | Reality |
|---|---|
| was that PRESSTEK's Zahara technology was a chemical free process so customers would save money on expensive chemicals and toxic waste removal.  This was stated in PRESSTEK's marketing materials. | necessary, just as it was for the competitor. However, not having the Environmental Value proposition to offer, as stated in marketing materials, lessened the differentiation from the competitor and made switching to PRESSTEK less attractive for target customers. |
| J) Zahara waterless printing was ready to go to market. | In addition to issues with the pre-treatment, initially, PRESSTEK did not have the Material Safety Data Sheet ("MSDS") on the Zahara plates as required by Federal Law. Eventually this was corrected and Presstek had an MSDS on Zahara. |
| K) Accounts within Plaintiff's outlined geography for the Western Region would be transferred to him. | Some accounts within Plaintiff's region were never fully transitioned, or transferred, to him. They were left with his counterpart (ex. PFS in Las Vegas and POP in Texas). |
| L) The sales goals given to Mr. Piccarreto were going to be easily exceeded by him, entitling him to further bonus incentive pay, and therefore his base pay was a moot point. | As a result of all of the other misrepresentations about the product, distribution and manufacturing pipelines, and available customers, Plaintiff would have been lucky to hit 20-50% of the goals in his sales plan. Had Plaintiff been able to close 100% of the targets in his region, he would only have achieved 44% of his sales plan. This meant he could never reach the commissions that he was told would be easily attainable.  PRESSTEK knew of these unobtainable numbers. |

8

**COMPLAINT**

22

| | | Misrepresentations by PRESSTEK | Reality |
|---|---|---|---|
| | M) | During the interview process, Plaintiff told PRESSTEK that for him to make such a big move he needed PRESSTEK to be the final stop of his career.  In response, PRESSTEK told him that that was exactly what they were looking for - someone to be there for the long-term. | PRESSTEK eliminated Mr. Piccarreto's position after only about 3 months of employment. |
| | N) | Presstek guaranteed Plaintiff's bonus for Q1 and Q2 to be $5,000.00 per quarter | Plaintiff only received $3,420.00 as a bonus. |
| | O) | Plaintiff was guaranteed a $475/month car allowance and $0.147 per mile. | Plaintiff was not paid for mileage. |
| | P) | Plaintiff was guaranteed to accrue 10.67 vacation hours per month worked. | While Mr. Plaintiff worked 3 months, he only accrued/was paid out for 2 months of vacation. |
| | Q) | Plaintiff was promised a 30% 401k match up to 6% of his income. | PRESSTEK only matched 11.31% of Plaintiff 401k contributions, which only came to 1.27% of Plaintiff income. |
| | R) | Plaintiff was promised $3,500.00 in moving expenses. | Plaintiff was never paid anything for his moving expenses. |

***Defendants Termination of Plaintiff's Employment***

24.     On April 20, 2015 PRESSTEK terminated Plaintiff. This occurred only a few

9

**COMPLAINT**

23

weeks after he had moved to California from New York as required by his employment with PRESSTEK.

25.     Although PRESSTEK represented to Plaintiff during his interview that they were looking for a long term employee, his position was eliminated within months of beginning work with PRESSTEK.

26.     Plaintiff was not paid his guaranteed 1st and 2nd quarter commission bonuses at the time of termination. Plaintiff still has not been paid his guaranteed 1st and 2nd quarter commission bonuses in full.

27.     Plaintiff was not given expense reimbursement or mileage reimbursement at the legal rate during his employment or upon termination. Plaintiff has not been given expense or mileage reimbursement since termination.

28.     Although Plaintiff was guaranteed to accrue 10.67 vacation hours per month worked he was only paid out for a portion of his guaranteed vacation upon termination. Plaintiff still has not been paid his guaranteed vacation hours in full.

29.     Although Plaintiff was promised a 30% 401k match up to 6% of his income, PRESSTEK has only matched 11.31% of Plaintiff's 401k contributions, which comes out to 1.27% of Plaintiff's income. Plaintiff still has not been paid his promised 401k match by PRESSTEK.

30.     Plaintiff was also promised $3,500.00 in moving expenses in his offer letter, but was never paid for such moving expenses. Plaintiff still has not been paid his promised moving expenses.

31.     On or about August 24, 2015, Plaintiff, through his attorney, sent Defendant and the California Labor & Workforce Development Agency a letter informing them of Plaintiff's intention to pursue various wage and hour causes of action against Defendant under PAGA.

32.     After the 33 day notice period, Plaintiff did not receive a letter from the California Labor & Workforce Development Agency informing him that they intend to investigate, therefore indicating he could bring a civil action.

///

**COMPLAINT**

**FIRST CAUSE OF ACTION**

**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

*(against all Defendants and DOES 1-50)*

33.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs in this complaint as if set forth in full hereafter.

34.     Defendants, at all times material herein, were Plaintiff's employers.

35.     It is against the public policy of the United States and the State of California to retaliate against an employee who refuses to participate in and who reported and warned about, actual or reasonably believed violations of law or regulations.

36.     Plaintiff alleges that Defendant was motivated to terminate Plaintiff's employment because Plaintiff complained about perceived illegal activity of PRESSTEK including, but not limited to: Plaintiff's complaint that PRESSTEK was falsely advertising Zahara Waterless Plates as chemical free when in reality the company was not able to make it chemical free because expensive and toxic chemicals were necessary to develop Zahara Waterless Plates, and because of Plaintiff's complaint that PRESSTEK did not have the required Material Safety Data Sheet on Zahara Waterless Plates as required by law.

37.     California law has long established public policies against false advertising regarding products being sold in the market place.

38.     California law also has long established public policies against distributors distributing products that have hazardous chemicals without classifying the hazards of the chemicals so that employers may provide their employees information about the hazardous chemicals to which they may be exposed. PRESSTEK has a legal obligation when distributing hazardous chemicals to obtain and maintain a safety data sheet and provide such information to purchasers of hazardous chemicals.

39.     The abovementioned public policies were well established at the time that Plaintiff was terminated.  These public policies inure a benefit to the public.

40.     These complaints by the Plaintiff were a substantial motivating reason for Plaintiff's discharge.

**COMPLAINT**

41.     Soon after his complaints, PRESSTEK eliminated Plaintiff's positions of Sales Manager, Plate Products for the west coast and terminated Plaintiff.

42.     There exists a causal link between Plaintiff's protected activities and Defendants' adverse actions of removing Plaintiff from his employment.

43.     As a direct and legal result of Defendant's actions, Plaintiff has suffered emotional distress and has lost income and related benefits, past and future.   Plaintiff is therefore entitled to emotional distress damages, compensatory damages, attorney's fees, costs and any other monetary relief under the law according to proof at trial.

44.     In doing the acts alleged in this cause of action, Defendant acted intentionally and willfully with the intent to injure Plaintiff with malice, fraud, and oppression.  As a result, Plaintiff seeks punitive and exemplary damages as provided by Section 3294 of the California Civil Code in an amount sufficient to punish Defendant and to deter such conduct in the future.

## SECOND CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE SECTION §970 & §972

### (against all Defendants and DOES 1-50)

45.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs in this complaint as if set forth in full hereafter.

46.     Defendants, at all times material herein, were Plaintiff's employers.

47.     PRESSTEK made numerous representations to Plaintiff about aspects of his employment, including but not limited to representations about PRESSTEK's products and partners, and their potential for sales and his commissions, and the length of his employment. These misrepresentations had to do with the kind, character, or existence of Plaintiff's work; the length of time his employment would last; the compensation he would make for his work; and other factors that greatly affected his ability to work. Such misrepresentations are listed in detail in the factual allegations above.

///

///

12

**COMPLAINT**

48.     These representations, made throughout the hiring process, the interview, the employment offer letter, and Plaintiff's brief employment were not true, and defendants knew their representations were not true at the time they made such representations.

49.     Defendants intended that Plaintiff rely on these representations in his decision to leave his previous employer, to move from New York to California, and to begin working with defendants as a Sales Manager. \

50.     In reliance on Defendant's representations, Plaintiff changed his residence from New York to California for the purpose of working for defendants.

51.     Plaintiff's reliance on defendants' representations was a substantial factor in causing his harm. As a direct and legal result of Defendant's actions, Plaintiff has suffered emotional distress and has lost income and related benefits, past and future. Plaintiff is therefore entitled to emotional distress damages, compensatory damages, attorney's fees and any other monetary relief under the law according to proof at trial.

52.     In doing the acts alleged in this cause of action, Defendant acted intentionally and willfully with the intent to injure Plaintiff with malice, fraud, and oppression.  As a result, Plaintiff seeks punitive and exemplary damages as provided by Section 3294 of the California Civil Code in an amount sufficient to punish Defendant and to deter such conduct in the future.

### THIRD CAUSE OF ACTION

### FRAUD

#### *(against all Defendants and DOES 1-50)*

53.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs in this complaint as if set forth in full hereafter.

54.     Defendants, at all times material herein, were Plaintiff's employers.

55.     PRESSTEK made numerous representations to Plaintiff about aspects of his employment, including but not limited to representations about PRESSTEK's products and partners, and their potential for sales and his commissions, and the length of his employment. These misrepresentations had to do with the kind, character, or existence of Plaintiff's work; the

13

**COMPLAINT**

length of time his employment would last; the compensation he would make for his work; and other factors that greatly affected his ability to work. Such misrepresentations are listed in detail in the factual allegations above.

56.    These representations, made throughout the hiring process, the interview, the employment offer letter, and Plaintiff's brief employment were not true, and defendants knew their representations were not true at the time they made such representations.

57.    Defendants intended that Plaintiff rely on these representations in his decision to leave his previous employer, to move from New York to California, and to begin working with defendants as a Sales Manager.

58.    In reliance on Defendant's representations, Plaintiff changed his residence from New York to California for the purpose of working for defendants.

59.    Plaintiff's reliance on defendants' representations was a substantial factor in causing his harm. As a direct and legal result of Defendant's actions, Plaintiff has suffered emotional distress and has lost income and related benefits, past and future. Plaintiff is therefore entitled to emotional distress damages, compensatory damages, attorney's fees and any other monetary relief under the law according to proof at trial.

60.    In doing the acts alleged in this cause of action, Defendant acted intentionally and willfully with the intent to injure Plaintiff with malice, fraud, and oppression. As a result, Plaintiff seeks punitive and exemplary damages as provided by Section 3294 of the California Civil Code in an amount sufficient to punish Defendant and to deter such conduct in the future.

## FOURTH CAUSE OF ACTION

### INDIVIDUAL AND REPRESENTATIVE CLAIM VIA CAL. LABOR CODE § 2698 ET SEQ. FOR VIOLATION OF CAL. LABOR CODE SECTION §201 & §203

*(against all Defendants and DOES 1-50)*

61.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs in this complaint as if set forth in full hereafter.

62.    Defendants, at all times material herein, were Plaintiff's employers.

63.     Plaintiff was terminated by PRESSTEK on April 20, 2015.

64.     PRESSTEK failed to pay all wages due by or before April 20, 2015 and thus owes penalties under Labor Code section 203.

65.     Pursuant to Labor Code § 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

66.     Labor Code section 203 provides, in pertinent part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days." Here, "[t]he term 'wages' includes all amounts for labor performed by an employee, whether the amount is calculated by time, task, piece, commission, or some other method."

67.     PRESSTEK has willfully failed to pay Plaintiff all wages and benefits owed at termination.

68.     As a direct and legal result of Defendant's actions, Plaintiff has suffered emotional distress and has lost income and related benefits, past and future.    Plaintiff is therefore entitled to waiting time penalties, emotional distress damages, compensatory damages, attorney's fees and any other monetary relief under the law according to proof at trial.

69.     Plaintiff also seeks any statutory or civil damages and/or penalties as provided under the Private Attorney General Act, under Labor Code Section 2698 et seq. that have been incurred by Plaintiff by way of Defendant's actions.

## FIFTH CAUSE OF ACTION

### INDIVIDUAL AND REPRESENTATIVE CLAIM VIA CAL. LABOR CODE § 2698 ET SEQ. FOR VIOLATION OF CAL. LABOR CODE SECTION §226 & §226.3

*(against all Defendants and DOES 1-50)*

70.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs in this complaint as if set forth in full hereafter.

15

**COMPLAINT**

71.     Defendants, at all times material herein, were Plaintiff's employers and the employers of other aggrieved employees.

72.     California Labor Code §226 states in pertinent part: "a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

73.     On information and belief, Defendants failed to provide employees including Plaintiff with accurate wage statements as required by law.

74.     As such, Plaintiff is therefore entitled to statutory damages, interest and attorney's fees to the fullest extent of the law and any other monetary relief under the law according to proof at trial.

/ / /

16

**COMPLAINT**

75. Plaintiff also seeks any statutory or civil damages and/or penalties as provided under the Private Attorney General Act, under Labor Code Section 2698 et seq. that have been incurred by Plaintiff by way of Defendant's actions.

**SIXTH CAUSE OF ACTION**

**INDIVIDUAL AND REPRESENTATIVE CLAIM VIA CAL. LABOR CODE § 2698 ET SEQ. FOR VIOLATION OF CAL. LABOR CODE SECTION §227.3**

***(against all Defendants and DOES 1-50)***

76. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs in this complaint as if set forth in full hereafter.

77. Defendants, at all times material herein, were Plaintiff's employers and the employers of other aggrieved employees.

78. California Labor Code §227.3 states in pertinent part that at termination of an employee, "all vested vacation shall be paid to him as wages at his final rate..."

79. On information and belief, Defendants failed to provide employees including Plaintiff with payment of vested vacation upon termination as required by law.

80. As such, Plaintiff is therefore entitled to statutory damages, interest and attorney's fees to the fullest extent of the law and any other monetary relief under the law according to proof at trial.

81. Plaintiff also seeks any statutory or civil damages and/or penalties as provided under the Private Attorney General Act, under Labor Code Section 2698 et seq. that have been incurred by Plaintiff by way of Defendant's actions.

**SEVENTH CAUSE OF ACTION**

**INDIVIDUAL AND REPRESENTATIVE CLAIM VIA CAL. LABOR CODE § 2698 ET SEQ. FOR VIOLATION OF CAL. LABOR CODE SECTION §2802**

***(against all Defendants and DOES 1-50)***

82. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs in this complaint as if set forth in full hereafter.

17

**COMPLAINT**

83.     Defendants, at all times material herein, were Plaintiff's employers and the employers of other aggrieved employees.

84.     California Labor Code §2802 states in pertinent part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties..."

85.     On information and belief, Defendants failed to provide employees including Plaintiff with reimbursement of necessary expenditures incurred by the employee in direct consequence of the discharge of his duties as required by law.

86.     As such, Plaintiff is therefore entitled to statutory damages, interest and attorney's fees to the fullest extent of the law and any other monetary relief under the law according to proof at trial.

87.     Plaintiff also seeks any statutory or civil damages and/or penalties as provided under the Private Attorney General Act, under Labor Code Section 2698 et seq. that have been incurred by Plaintiff by way of Defendant's actions.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE SECTION §2751

### *(against all Defendants and DOES 1-50)*

88.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs in this complaint as if set forth in full hereafter.

89.     Defendants, at all times material herein, were Plaintiff's employers and the employers of other aggrieved employees.

90.     Plaintiff was the Sales Manager, Plate Products for the west coast sales region. As a requirement of his job, Plaintiff moved to California and rendered his services for PRESSTEK from California.

91.     A method of payment to Plaintiff for his services to PRESSTEK was by commissions. The commission was promised in Plaintiffs initial offer letter, however, no written commission agreement was ever executed.

92.     As such, Plaintiff is therefore entitled to actual damages, statutory damages, interest and attorney's fees to the fullest extent of the law and any other monetary relief under the law according to proof at trial.

## NINETH CAUSE OF ACTION

## PAGA – PRIVATE ATTORNEY GENERAL ACT FOR VIOLATIONS OF

## CALIFORNIA LABOR CODES §§ 201, 203, 226, 226.3, 226.7, AND 2802

### (against all Defendants and DOES 1-50)

93.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs in this complaint as if set forth in full hereafter.

94.     Defendants, at all times material herein, were Plaintiff's employers and the employers of other aggrieved employees.

95.     Plaintiff is an aggrieved employee as defined in Labor Code §2699(c).  He brings this cause on behalf of himself as he has been affected by the Labor Code violations alleged in this complaint.

96.     As alleged above, Defendants have violated sections 201, 203, 226, 226.3, 226.7, and 2802 of the California Labor Code.

97.     Plaintiff is permitted to recover any civil penalties assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code.

98.     As a direct and legal result of the Defendants' actions against him, Plaintiff has been harmed because he has lost, and continues to lose, income and related benefits. As a result, Plaintiff requests the unpaid wages, any statutory or civil penalties provided for by law, interest, attorneys' fees, costs, compensatory damages, and other remedies in an amount to be proven at trial.

99.     Plaintiff also seeks any statutory or civil damages and/or penalties as provided under the Private Attorney General Act, under Labor Code Section 2698 et seq. that have been incurred by Plaintiff by way of Defendant's actions.

19

**COMPLAINT**

**TENTH CAUSE OF ACTION**

**INDIVIDUAL AND REPRESENTATIVE CLAIM VIA CAL. LABOR CODE § 2698 ET**

**SEQ. FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200**

*(against all Defendants and DOES 1-50)*

100.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs in this complaint as if set forth in full hereafter.

101.   By violating the foregoing statutes and regulations, the acts of Defendant constitute unfair and unlawful business practices under Business and Professions Code § 17200et seq.

102.   Defendant's violation of California wage and hour laws constitutes a business practice because it was done repeatedly over a significant period of time and in a systematic manner to the detriment to the Plaintiff.

103.   Plaintiff and other aggrieved employees have suffered damages as a result of Defendant's actions in an amount according to proof at time of trial.

**ELEVENTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

*(against all Defendants and DOES 1-50)*

104.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs in this complaint as if set forth in full hereafter.

105.   Plaintiff alleges extreme and outrageousness conduct existed when Defendant misled Plaintiff causing him to move from New York to California for employment and Defendants retaliated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's continued complaints.

106.   Defendant also had a reckless disregard for the possibility that its conduct would likely result in severe emotional distress to Plaintiff.

///

34

107.    Defendant's actions, by and through its agents, were a proximate substantial factor in causing Plaintiff's harm.

108.    As a direct and legal result of Defendant's actions, Plaintiff has suffered emotional distress and has lost income and related benefits, past and future.

109.    In doing the acts alleged in this cause of action, Defendant acted intentionally and willfully with the intent to injure Plaintiff with malice, fraud, and oppression.  As a result, Plaintiff seeks punitive and exemplary damages as provided by Section 3294 of the California Civil Code in an amount sufficient to punish Defendant and to deter such conduct in the future.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1.  For special damages;

2.  For general damages;

3.  For all statutory and civil obligations and penalties as required by law;

4.  For waiting time penalties;

5.  For punitive damages;

6.  For reasonable attorney fees and costs;

7.  Loss of income incurred and to be incurred according to proof;

8.  For pre-judgment and post-judgment interest on all damages awarded;

9.  For reasonable attorneys' fees pursuant to California law;

10. For costs of suit incurred;

11. For such other and further relief as the court may deem just and proper; and

12. For a jury trial.

Dated: 11/16/2015                         Amezcua-Moll & Associates, P.C.

                                          By:_____
                                             Sarah J. Nowels
                                             Rosemary Amezcua-Moll
                                             Attorneys for Plaintiff, John Piccarreto

21

**COMPLAINT**

35

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Rosemary Amezcua-Moll (223875) Sarah Nowels (273471)
Amezcua Moll & Associates, P.C.
1122 E. Lincoln Ave Suite 203, Orange, CA 92865-1908
TELEPHONE NO.: (714)288-2826        FAX NO.: (714)464-4536
ATTORNEY FOR (Name): John Piccarreto

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 2 9 2015

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Ishayla Chambers

CASE NAME:
Piccarreto v. Presstek, et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 6 05 658 |

JUDGE:

DEPT:

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 16, 2015

Sarah J. Nowels
_____          ▶ _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740,
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

36

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice— Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]  **CIVIL CASE COVER SHEET**  Page 2 of 2

| SHORT TITLE:<br>Piccarreto v. Presstek | CASE NUMBER<br>BC 6 0 5 6 5 8 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7 ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort (23) | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Piccarreto v. Presstek | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐  A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐  A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐  A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐  A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐  A6017  Legal Malpractice<br>☐  A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐  A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☒  A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐  A6024  Other Employment Complaint Case<br>☐  A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐  A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐  A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐  A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐  A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐  A6002  Collections Case-Seller Plaintiff<br>☐  A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐  A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐  A6009  Contractual Fraud<br>☐  A6031  Tortious Interference<br>☐  A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐  A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐  A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐  A6018  Mortgage Foreclosure<br>☐  A6032  Quiet Title<br>☐  A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐  A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐  A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐  A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐  A6022  Unlawful Detainer-Drugs | 2., 6. |

39

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Piccarreto v. Presstek | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Piccarreto v. Presstek | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| **REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.**<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>750 E. Fifth Street, Unit 77 |
|---|---|
| CITY:<br>Azusa | STATE:<br>CA | ZIP CODE:<br>91702 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __November 16, 2015__

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

BC 6 05658

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 | |
| Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Emile H. Elias | 324 | CCW | |
| Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| Hon. Debre K. Weintraub | 47 | 507 | | | | | |

**\*Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

DEC 2 9 2015

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

RECEIVED JAN 0 8 [illegible]

By _____, Deputy Clerk
    Ishavla Chambers

LACIV CCH 190 (Rev. 09/15)                    — NOTICE OF CASE ASSIGNMENT —                    Page 1 of 2
LASC Approved 05-06                              UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

45

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

46

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:                FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

    discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
              (INSERT DATE)                            (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lasuperiorcourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____    ►  _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date: _____

_____    ►  _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ►  _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ►  _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ►  _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date: _____

_____    ►  _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date: _____

_____    ►  _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): | | | |
| E-MAIL ADDRESS (Optional): | | | |
| ATTORNEY FOR (Name): | | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:      FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

51

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____      ▶   _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____      ▶   _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____      ▶   _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____      ▶   _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____      ▶   _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )

Date:

_____      ▶   _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )

Date:

_____      ▶   _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:   _____         _____
                                                                  JUDICIAL OFFICER

52

FILE COPY

NOTICE SENT TO:

Amezcua-Moll & Associates, P.C.
1122 East Lincoln Avenue, Suite 203
Orange               CA  92865

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 04 2016

Sherri R. Carter, Executive Officer/Clerk
By Marcela Tavakoli, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| JOHN PICCARRETO | | CASE NUMBER |
| --- | --- | --- |
| VS. | Plaintiff(s), | BC605658 |
| PRESSTEK LLC ET AL | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _April 14, 2016_ at _9:00 am_ in _Dept. 74_ at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**    **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _January 4, 2016_

TERESA SANCHEZ-GORDON
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date: _January 4, 2016_

Sherri R. Carter, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Three

RECEIVED JAN 11 2016

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use     **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**      Cal. Rules of Court, rule 3.221
Page 1 of 2

www.CalCourtForms.com

54

## COURT ADR PROGRAMS

CIVIL:

- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
    - o Civil Harassment Mediation
    - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
    - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
    - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
    - o Retired Judge Settlement Conference

FAMILY (non-custody):

- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
    - o Forensic Certified Public Accountant (CPA)
    - o Spanish Speaking Settlement Conference

PROBATE:

- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

**Party Select Panel** — The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

**Random Select Panel** — The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 2 of 2

www.CalCourtForms.com

55

CONFIDENTIAL
ATTORNEY-CLIENT PRIVILEGE/
ATTORNEY-WORK PRODUCT
JACKSON LEWIS LLP
Page 11

- o Review your job descriptions:  do they adequately describe the differences between various positions?

- o Review your pay practices:  are we basing pay decision on Act compliant reasons?  Consider training managers as to this point.

- **Slide 43:  Questions?**

4841-9293-7004, v.  1